Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000319
23-FEB-2026
08:21 AM
Dkt. 80 SO

NO. CAAP-23-0000319


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


PHH MORTGAGE CORPORATION,
Plaintiff/Counterclaim Defendant-Appellee,
v.
FRANK DIAZ; OLGA V. DIAZ,
Defendants/Counterclaimants/Cross-Claim Defendants-Appellants,
and USAA FEDERAL SAVINGS BANK; THE UNITED STATES OF AMERICA;
THE STATE OF HAWAI'I;
THE STATE OF HAWAI'I - DEPARTMENT OF TAXATION;
HAWAII KAI MARINA COMMUNITY ASSOCIATION;
ASSOCIATION OF APARTMENT OWNERS OF KAIMALA MARINA,
Defendants-Appellees

and

THE UNITED STATES OF AMERICA, Cross-Claimant-Appellee,
v.
THE STATE OF HAWAI'I - DEPARTMENT OF TAXATION;
HAWAII KAI MARINA COMMUNITY ASSOCIATION;
ASSOCIATION OF APARTMENT OWNERS OF KAIMALA MARINA,
Cross-Claim Defendants-Appellees, and
DOES 1-20, inclusive, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC171001566)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and McCullen, JJ.)


Defendants/Counterclaimants/Cross-claim Defendants-

Appellants **Frank** Diaz and **Olga** V. Diaz (collectively, **the**

**Diazes**) appeal from the Circuit Court of the First Circuit's April 5, 2023 Judgment entered on an interlocutory decree of foreclosure in favor of Plaintiff/Counterclaim Defendant-Appellee **PHH Mortgage** Corporation.[1]

On appeal, the Diazes posit six points of error (**POE**) with numerous subparts, appearing to assert the circuit court (1) erred in granting summary judgment (POE A through D); (2) erred in denying their motion to stay (POE E); and (3) denied their rights to due process and equal protection (POE F).[2]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

---

[1]  The Honorable Jeannette H. Castagnetti presided.

[2]  The Diazes' points of error are as follows:

A. "Findings of Fact (**'FOF'**) Nos. 4 and 6, in 19 ROA 113, the full text of which is in Appendix 2 attached, are erroneous[.]"

B. "The Conclusions of Law (**'COL'**) 4, 5-10 (Full Text in Appendix 2) are erroneous[.]"

C. "The order granting summary judgment and denying the counterclaim is erroneous for all the reasons stated in Olga Diaz's opposition filed 5 August 2019 in 19 ROA 63, and in her objections thereto in 19 ROA 110[.]"

D. "The Judgment is Erroneous for all of the Opening Brief Reasons."

E. "The trial court reversibly erred denying [the] Diazes' stay motion."

F. "The trial court denied the [Diazes'] constitutional rights to due process and equal protection[.]"

(Formatting altered.)  Points not argued are deemed waived.  Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7).

the issues raised and the arguments advanced, we resolve this appeal as discussed below and affirm.

In March 2002, in exchange for a loan, the Diazes executed a promissory **Note** for $274,050.00 to PHH Mortgage Services, the **Lender**, and secured the Note with a **Mortgage** on their **Property** in Honolulu. An **Allonge** affixed to the Note was indorsed in blank:

PAY TO THE ORDER OF:


WITHOUT RECOURSE:

PHH MORTGAGE CORPORATION DBA PHH MORTGAGE
SERVICES

BY: /s/ Dana Consalo
DANA CONSALO, ASSISTANT VICE PRESIDENT, PHH
MORTGAGE CORPORATION

After the Diazes defaulted in January 2009, the Lender gave notice in February 2009 that it intended to foreclose on the Mortgage.

In June 2010, Frank alone entered into a Loan Modification Agreement with the Lender. The modification agreement did not state the default was cured.

In 2016, the Lender assigned the Mortgage to PHH Mortgage and recorded the **Mortgage Assignment** with the State of Hawaiʻi Bureau of Conveyances.

On September 20, 2017, Aldrige Pite, LLP received at its San Diego, California office a **Bailee Letter**, along with the

Note and Allonge, stating it would store the Note and Allonge on PHH Mortgage's behalf and subject to PHH Mortgage's "exclusive direction and control."

On September 21, Lloyd T. **Workman**, an attorney of record for PHH Mortgage, "personally reviewed the original wet-ink Note and Allonge," which were "being stored by [PHH Mortgage's] counsel on behalf of [PHH Mortgage] at Aldridge Pite, LLP's San Diego office."

On September 26, PHH Mortgage filed a complaint for foreclosure. PHH Mortgage appended to its complaint, among other things, the (1) indorsed-in-blank Note; (2) Allonge; (3) Mortgage; (4) Mortgage Assignment; (5) September 22, 2017 declaration by Workman stating that he personally reviewed the Note and Allonge; (6) Bailee Letter; (7) "Customer Account Activity Statement" demonstrating the Diazes' default; and (8) February 16, 2009 Notice of Intention to Foreclose.

In 2019, PHH Mortgage moved for summary judgment, which the circuit court granted in part as PHH Mortgage established there were "enforceable Note and Mortgage contracts"; the Diazes defaulted under the Note and Mortgage; PHH Mortgage elected "to declare the entire principal balance of the Note due thereunder, together with interest, immediately due and payable"; "[d]ue notice of the acceleration of the Note was given" to the Diazes; the Diazes "failed to pay the sums due

4

under the Note"; and PHH Mortgage "qualifie[d] as the Note holder with standing to prosecute" because it possessed the indorsed-in-blank Note when it filed the complaint. The circuit court also denied the Diazes' counterclaims and their motion to stay.

**(1)** First, the Diazes contend the circuit court erred in granting summary judgment, primarily on the ground that PHH Mortgage lacked standing to foreclose on the Note and Mortgage.[3]

We review the grant or denial of summary judgment de novo. Nationstar Mortg. LLC v. Kanahele, 144 Hawaiʻi 394, 401, 443 P.3d 86, 93 (2019). The burden is on the summary judgment movant "to show the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitles the moving party to judgment as a matter of law." Umberger v. Dep't of Land & Nat. Res., 140 Hawaiʻi 500, 528, 403 P.3d 277, 305 (2017) (quoting French v. Haw. Pizza Hut, Inc., 105 Hawaiʻi 462, 470, 99 P.3d 1046, 1054 (2004)). "Only with the satisfaction of this initial showing does the burden shift to the nonmoving party to respond by

---

[3] In addition, the Diazes assert fraud on the court because PHH Mortgage "lacks standing" and "is not the real party in interest." In light of our determination that PHH Mortgage has standing to foreclose, we need not discuss this issue further.

5

affidavits or as otherwise provided in [Hawai'i Rules of Civil Procedure] Rule 56, setting forth <u>specific facts showing that there is a genuine issue for trial</u>." <u>Kondaur Cap. Corp. v. Matsuyoshi</u>, 136 Hawai'i 227, 240-41, 361 P.3d 454, 467-68 (2015) (citation modified).

"A party seeking to foreclose on a mortgage and note must prove (1) the existence of the agreements, (2) the terms of the agreements, (3) default under the terms of the agreements, and (4) delivery of the notice of default." <u>Wells Fargo Bank, N.A. v. Fong</u>, 149 Hawai'i 249, 253, 488 P.3d 1228, 1232 (2021) (citing <u>Bank of Am., N.A. v. Reyes-Toledo</u>, 139 Hawai'i 361, 367, 390 P.3d 1248, 1254 (2017)).

Notably, the Diazes do not dispute the existence or terms of the Note and Mortgage, their default, or delivery of notice of default.[4]

Instead, the Diazes argue that: (a) the Note was purportedly securitized into a **Trust** in March 2002, making U.S. Bank, N.A., as trustee, the proper holder of the Note; (b) "the Note endorsement is void, and the Allonge that is supposed to be attached to the Note was not attached"; and (c) the "signature

---

[4] Although the Diazes' second point of error challenges the circuit court's conclusion that the Diazes "are in default under the terms of the Loan Documents for reason of failure to make payments as required thereunder," the Diazes do not present any argument as to why this conclusion is erroneous. HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").

on the purported [Mortgage Assignment] is a forgery making it void."[5] (Emphasis omitted). We address the Diazes' arguments in turn.

---

[5] Specifically, POE A challenges FOF 4 and 6, because the "endorsement was not dated" and "the assignment of the mortgage is forged." The challenged FOF are as follows:

> [FOF] 4. The Note includes an Allonge ("Allonge") by which the Note is indorsed in blank. The original Allonge was executed, affixed to the original Note, and has been made a part of the original Note.
>
> . . . .
>
> [FOF] 6. The Note was negotiated to [PHH Mortgage], and the Mortgage was subsequently assigned to [PHH Mortgage] by that Corporate Assignment of Mortgage ("Assignment") recorded in the Bureau [of Conveyances] on 05/18/2016 as Document Number A59820884.

See generally McKeller v. Outfitters Kauai, Ltd., 156 Hawai'i 381, 575 P.3d 38, No. CAAP-23-0000102, 2025 WL 2605385, at *3 (App. Sep. 9, 2025) (SDO) ("We emphasize that a circuit court deciding a motion for summary judgment does not make findings of fact. If facts are controverted, summary judgment should be denied.").

POE B challenges COL 4 through 10:

> [COL] 4. [PHH Mortgage] is the holder of the Note and Mortgage and is entitled to enforce them. [PHH Mortgage] qualifies as the Note holder with standing to prosecute the instant action as the Note is indorsed in blank, thereby converting the Note to a bearer instrument, and [PHH Mortgage] is currently in rightful possession of the indorsed Note.
>
> [COL] 5. [PHH Mortgage] was the holder of the Note, indorsed in blank, at the time the Complaint was filed.
>
> [COL] 6. The Mortgage was duly assigned to [PHH Mortgage] by virtue of the Assignment described above.
>
> [COL] 7. [The Diazes] are in default under the terms of the Loan Documents for reason of failure to make payments as required thereunder.

(continued . . .)

**(a)** The Diazes claim that PHH Mortgage lacks standing because "it never proved nor did it even plead that it was the trustee of that particular [Trust] identified in the Diazes' evidence." In support of this claim, the Diazes point to their expert's declaration that "[s]ince U.S. Bank, N.A. is the current Trustee of the [Trust] holding the Note, it is clear that PHH [Mortgage] lacked standing."

"One person entitled to enforce an instrument is a 'holder' of the instrument," and "the bearer of an instrument endorsed in blank becomes the holder of that instrument." Bank of N.Y. Mellon v. Blye, 138 Hawai'i 52, 375 P.3d 1290, No. CAAP-14-0000784, 2016 WL 4035615, at *5 (App. July 22, 2016) (mem. op.).

In its complaint, PHH Mortgage attached, inter alia, the Note, Allonge, a bailee letter, a condominium rider, and the Mortgage detailing the terms of the agreement, a customer

---

(. . . continued)

> [COL] 8. [PHH Mortgage] is entitled to the entry of summary judgment and an interlocutory decree of foreclosure against [the Diazes] in the foreclosure action, on the grounds that no genuine issue of material fact exists, and [PHH Mortgage] is entitled to summary judgment and an interlocutory decree of foreclosure as a matter of law.
>
> [COL] 9. [PHH Mortgage] also is entitled to an award of attorney's fees and costs under the terms and conditions of the Loan Documents.
>
> [COL] 10. As there is no just reason for delay, this Court expressly directs that final judgment be entered, entitling [PHH Mortgage] to foreclose upon the Property.

account activity of the Diazes showing non-payment on the loan (default), and a February 16, 2009 notice of default delivered to the Diazes.

The Note and Allonge do not mention the Trust. The Note is dated March 20, 2002, and it was signed by a notary public on March 28, 2002. The Mortgage was recorded in the Bureau of Conveyances on April 2, 2002. The Mortgage also does not mention any trust in particular.

The Diazes' expert appears to rely on Exhibit 5 to show that "[o]n March 28, 2002, the Note was securitized to [the Trust]," and "on May 18, 2016 the servicing rights **ONLY** were sold to PHH Mortgage Corporation. The loan (Note and Mortgage) remained in [the Trust] and is currently still in [the Trust]."

Exhibit 5 is a single, mostly blank page, that does not contain any dates or mention any trust in particular and includes strings of numbers and the words "PHH MORTGAGE CORPORATION." The Diazes' expert does not explain how Exhibit 5 demonstrates that the Note and Mortgage remain in the Trust.

Moreover, the Diazes do not include the alleged Trust agreement. Thus, there are no specific facts showing the Mortgage Assignment violated the Trust's terms. See U.S. Bank N.A. v. Mattos, 140 Hawaiʻi 26, 35, 398 P.3d 615, 625 (2017) (explaining that when the terms of a trust were not before the

court there was "no actual evidence that the . . . assignments of mortgage violated terms within the [trust]").

In sum, the Diazes' argument regarding the Trust does not create a genuine issue of material fact as to PHH Mortgage's standing to foreclose.

**(b)** The Diazes also argue that "the Note endorsement is void, and the Allonge that is supposed to be attached to the Note was not attached."

An allonge is "a slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." Id. at 29 n.4, 398 P.3d at 618 n.4. It is "part of the instrument, and is valid even if the instrument has enough space to hold additional endorsements." See Wilmington Sav. Fund Soc'y, FSB as Tr. for Pretium Mortg. Acquisition Tr. v. Riopta, 157 Hawaiʻi 409, 578 P.3d 521, Nos. CAAP-22-0000292 & CAAP-23-0000108, 2025 WL 2877718, at *4 n.8 (App. Oct. 9, 2025) (SDO). And under Hawaiʻi Revised Statutes (**HRS**) § 490:3-205(b) (2008),[6] an instrument indorsed in blank is payable to the bearer. Reyes-Toledo, 139 Hawaiʻi at 370, 390 P.3d at 1257.

---

[6] HRS § 490:3-205(b) provides: "If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement'. When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."

Here, the Note was indorsed in blank via the Allonge. Dated March 20, 2002, the Note contains three signatures: Frank's, Olga's, and a (voided) blank indorsement. Affixed to the Note was the Allonge, which correctly identified the date of the Note, the loan amount, the Diazes as the borrowers, and the Property's address. The Allonge also stated that, "for the purpose of further endorsement of the following described Note, this Allonge is affixed and becomes a permanent part of said Note[.]" (Formatting altered.)

The Diazes did not present specific facts to show there is a genuine issue regarding the Allonge being properly affixed. See Riopta, 2025 WL 2877718, at *4-5.

**(c)** Challenging Finding of Fact (**FOF**) 6, the Diazes argue that the "signature on the purported assignment of the [M]ortgage is a forgery making it void." (Emphasis omitted.)

In FOF 6, the circuit court explained, "the Mortgage was subsequently assigned to [PHH Mortgage] by the Corporate Assignment of Mortgage ('Assignment') recorded in the Bureau on 05/18/2016 as Document Number A59820884." During the hearing on the motion for summary judgment, the circuit court questioned whether the Diazes' expert was "an expert in forensic handwriting analysis," to which the Diazes' counsel answered, "I think so," but acknowledged that the expert's qualifications were not listed in her declaration. The Diazes' counsel then

11

argued, "You don't have to be an expert in handwriting analysis to tell that those signatures are wrong."

The Diazes did not present specific facts showing there is a genuine issue as to whether the signature on the assignment was a forgery.

As such, the circuit court did not err in granting summary judgment in favor of PHH Mortgage.

**(2)** The Diazes next contend the circuit court "reversibly erred [by] denying [their] stay motion."

Because we reject the Diazes' challenges to standing, any argument challenging the circuit court's denial of the stay motion is moot. See Citimortgage, Inc. v. Brum, 154 Hawai'i 256, 549 P.3d 341, No. CAAP-19-0000062, 2024 WL 2292576, at *3 (App. May 21, 2024) (SDO) (explaining that a challenge to the denial of motion to stay foreclosure was moot where challenges to the foreclosure judgment was rejected).

**(3)** Finally, the Diazes allege, in a conclusory manner, that by granting summary judgment in favor of PHH Mortgage, the circuit court "violated [their] constitutional rights to due process and equal protection by denying their property, possession, and ownership interests."

Where there was no genuine issue as to PHH Mortgage's standing to foreclose, the court did not err in granting summary judgment; thus, the Diazes' rights to a fair trial and equal

12

protection were not violated.  See Countrywide Home Loans, Inc. v. Church of Hawaii Nei, 121 Hawaiʻi 31, 211 P.3d 89, No. 28482, 2009 WL 1865085, at *2 (App. June 29, 2009) (SDO) (explaining "[w]here no genuine issues of material fact exists, . . . the circuit court properly granted . . . summary judgment" and "did not deny the [defendant] its right to a fair and full trial").

Based on the foregoing, we affirm the circuit court's April 5, 2023 Judgment.

DATED:  Honolulu, Hawaiʻi, February 23, 2026.

On the briefs:

Phillip W. Miyoshi,
for Defendant/
Counterclaimant/Cross-claim
Defendant-Appellant
Frank Diaz.

R. Steven Geshell,
for Defendant/
Counterclaimant/Cross-claim
Defendant-Appellant
Olga V. Diaz.

Charles R. Prather,
Sun Young Park,
Vincent G. Kruse,
Jason L. Cotton,
Peter T. Stone,
for Plaintiff/Counterclaim
Defendant-Appellee
PHH Mortgage Corporation.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge